| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ALLSTATE TEXAS LLOYD'S, §
§
       Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:07-CV-062
§
RACHEL SURRATT, RICHARD §
SURRATT, and JANE DOE, as Next Friend §
of John Doe, Minor, §
§
       Defendants. §

## MEMORANDUM AND ORDER

Allstate Texas Lloyd's ("Allstate") contends that it has no duty to defend or indemnify its insured, Rachel Surratt ("Rachel"), under her Allstate HO-A Plus homeowner's policy ("the Policy") or pay any damages that may be awarded to Jane Doe, as next friend of minor John Doe, for the sexual molestation and harassment claims that Jane Doe has asserted against Rachel and Richard Surratt (collectively, "the Surratts") in a pending state court action styled *Jane Doe as next friend of minor, John Doe v. Rachel Surratt,* Cause No. D-176,099. The Surratts' homeowner's policy specifically excludes insurance coverage for "bodily injury . . . which is caused intentionally by or at the direction of an insured." Texas courts have consistently held that in cases of sexual molestation of a child, intent may be inferred as a matter of law for purposes of the intentional injury exclusion in homeowner's insurance policies. *See J.E.M. v. Fidelity & Cas. Co. of N.Y.*, 928 S.W.2d 668, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ) (explaining that the general rule nationwide is to infer intent to injure in situations involving an adult's sexual molestation of children); *Allen v. Automobile Ins. Co. of Hartford Conn.*, 892 S.W.2d 198, 201 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("We adopt the inferred intent

doctrine in cases involving the sexual molestation of a child."); *Maayeh v. Trinity Lloyds Ins. Co.*, 850 S.W.2d 193, 197 (Tex. App.—Dallas 1992, no writ) (finding that an intent to harm can be inferred as a matter of law in sexual molestation cases and declaring that an insurance company has no duty to defend an insured accused of sexual molestation).

Here, all parties concede, including Rachel, in their Joint Conference Report (#19) that "there is no dispute between the parties regarding whether Allstate has a duty to defend or indemnify Rachel Surratt." Accordingly, the court concludes that Allstate has no duty to defend or indemnify Rachel, as her alleged intentional conduct is excluded under the Policy.

SIGNED at Beaumont, Texas, this 27th day of September, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE